Justin T. Toth (8438)
Samuel C. Straight (7638)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  801 323-3358

Robert L. Rimberg (Pro Hac Vice)
Steven A. Weg (Pro Hac Vice)
**GOLDBERG & RIMBERG, PLLC**
115 Broadway, 3rd Floor
New York, New York 10006
Telephone: 212-697-3250

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY, LLC, a Washington limited liability company,<br><br>*Plaintiff,*<br><br>v.<br><br>D. SHANE BALDWIN AND JANE DOE BALDWIN, husband and wife, and METRO NATIONAL SETTLEMENT SERVICES LLC,<br><br>*Defendants.* | Consolidated Case No.: 2:11-CV-00604<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Judge: Dee Benson |
| STATE CAPITAL HOLDINGS, LLC, a New York limited liability company,<br><br>*Plaintiff,*<br><br>v.<br><br>SILVERLEAF FINANCIAL 9, LLC, METRO NATIONAL TITLE COMPANY, METRO NATIONAL SETTLEMENT SERVICES, LLC, D. SHANE BALDWIN, MARK STAPLES, SILVERLEAF FINANCIAL LLC, and WAKEFIELD KENNEDY LLC,<br>*Defendants.* | |

## I.     INTRODUCTION

Plaintiff State Capital Holdings, LLC ("State Capital") respectfully submits this memorandum of law in support of its instant motion seeking leave to file an Amended Complaint in the form attached hereto as Exhibit A.

## II.     BACKGROUND

State Capital, a New York limited liability company, originally commenced an action against defendants Silverleaf Financial 9, LLC, a Utah limited liability company ("Silverleaf"), and Metro National Title Company, a Utah corporation ("Metro Title"), in the Supreme Court of the State of New York County of Kings.  Metro Title removed the case to the United States District Court, Eastern District Court and, thereafter, it was transferred to this Court.  State Capital's Complaint alleged a scheme between Metro Title and Silverleaf to steal over $3,000,000.00 from State Capital by luring State Capital into a sham agreement to purchase a certain loan.  State Capital alleged that Metro Title and Silverleaf conspired to keep the money paid by State Capital while never conveying the loan to State Capital.

Upon transfer of this case to this Court, State Capital's action was consolidated with an action entitled *Wakefield Kennedy LLC v. Baldwin*.  Though State Capital was not a party, the *Wakefield* action alleges that Wakefield Kennedy LLC ("Wakefield") lent money to Silverleaf, that Silverleaf defaulted and that Wakefield has a security interest in the loan that was sold to State Capital.  Wakefield admits knowledge of the agreement between Silverleaf and State Capital (inclusive of the three amendments to that agreement) and that its alleged security interest did not accrue until after State Capital paid over $2,000,000.00 towards the purchase of the loan.

Discovery in the cases has, to a degree, progressed.  State Capital served Requests for the

Production of Documents that were responded to, though not completely, by some of the parties, including Silverleaf and Metro Title.  Additionally, depositions of some of the parties were held on March 20-22, 2012.  During the depositions and upon review of the documents produced, it has become apparent that additional parties should be added to this action and that the claims against the defendants (inclusive of the additional parties) should be amended, as described below.

## III.    DISCUSSION

This motion is governed by Fed. R. Civ P. Rule 15.  Rule 15(a)(2) permits a party to amend a pleading with the Court's leave and a "The court should freely give leave when justice so requires."  *Id.*; see also, *Franke v. Arup Laboratories*, 2008 WL 3192618 (D.Utah 2008). "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  As the Supreme Court stated in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

In this case, the Court should not grant State Capital's motion for leave to amend its Complaint.  There has been no undue delay, as discovery has recently revealed facts requiring the instant amendment.  Additionally, State Capital's request for amendment is timely pursuant to the Scheduling Order in this case [Docket #63].  Likewise, there is no bad faith or dilatory motive, as the amendment is based on the original claims and facts learned in discovery.  There

are no prior amendments to State Capital's Complaint.

There will be no prejudice to any party by way of the proposed amendment.  All of the parties to be added are currently parties to the *Wakefield* case or related to existing parties in the consolidated cases.   Metro National Settlement Services, LLC ("Metro Settlement") and Wakefield are parties to the Wakefield action.   D. Shane Baldwin ("Baldwin") is the sole member of Silverleaf Financial, LLC ("Silverleaf Financial"), which, in turn, owns 100% of Silverleaf.   Mark Staples ("Staples") is the president of Silverleaf Financial.   Staples and Baldwin were intimately involved with the transaction at issue and were instrumental in defrauding State Capital.

The amendment modifies some of the causes of action originally alleged and adds new causes of action.  For example, the proposed Amended Complaint no longer alleges fraud as against Metro Settlement and replaces such cause of action with Negligence and Breach of Fiduciary Duty for distributing proceeds of State Capital and Silverleaf's loan sale agreement to Silverleaf without the consent of State Capital.[1]  Breach of Contract is also alleged for Metro Settlement transferring the documents it was to hold in escrow to Metro Title in contravention of their custody agreement.  The proposed amendment also seeks a declaratory judgment that Metro Settlement and Metro Title are alter egos of each other as they, *inter alia*, share offices, employees and officers.

The proposed amendment also alleges conversion and conspiracy by Baldwin, Staples, Silverleaf and Silverleaf Financial for directing the Metro entities to disburse the proceeds of their agreement with State Capital to themselves, instead of paying off their loan from Wakefield.  Fraud is also alleged as it appears that Staple, Baldwin, Silverleaf and Silverleaf Financial lured State Capital into a sham loan sale agreement knowing that they would thereafter

---

[1] State Capital learned only through discovery that the funds were disbursed.

borrow against the property to be conveyed, thereby stealing over $3,000,000 from State Capital and over $1,000,000 from Wakefield.  There is a claim of Tortious Interference with Contract against Baldwin, Staples and Silverleaf Financial for interfering with the contract between State Capital and Silverleaf by stealing the money due Wakefield, thereby creating a competing claim for the property.

Finally, there is a claim for declaratory judgment against Wakefield, seeking an adjudication of the competing claims for the property.  State Capital also alleges Negligence and Tortious Interference with Contact against Wakefield because Silverleaf claims to have paid Wakefield in full and, if the same is true, Wakefield has created a controversy where not exists.

None of the Defendants can claim prejudice.  Defendants only recently produced documents responsive to State Capital's requests and none of the parties, except for State Capital, included any documents with their voluntary disclosures.  Trial is not scheduled until January 2013 and, it appears, that there is adequate time to conduct discovery in the interim.

For the reasons set forth above, it is respectfully requested that the Court grant State Capital's motion in its entirety.

DATED this 30th day of March, 2012.

>Justin T. Toth (8438)
>Samuel C. Straight (7638)
>**RAY QUINNEY & NEBEKER P.C.**
>36 South State Street, Suite 1400
>Salt Lake City, Utah 84111
>Telephone:  801 323-3358


>_____/S/ Steven A. Weg_____
>Robert L. Rimberg (Pro Hac Vice)
>Steven A. Weg (Pro Hac Vice)
>**GOLDBERG & RIMBERG, PLLC**
>115 Broadway, 3rd Floor
>New York, New York 10006
>Telephone: 212-697-3250