John Ray Nelson, USB No. 5003
Foster Pepper PLLC
422 W. Riverside Avenue, Suite 1310
Spokane, WA  99201
Telephone: (509) 777-1604

*Attorneys for Plaintiff Wakefield Kennedy LLC*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY LLC, a Washington limited liability company,<br><br>*Plaintiff,*<br><br>vs.<br><br>D. SHANE BALDWIN and JANE DOE BALDWIN, husband and wife, and METRO NATIONAL SETTLEMENT SERVICES, LLC,<br><br>*Defendants.* | CIVIL NO.  11-cv-00604-DN-BCW<br><br>**WAKEFIELD KENNEDY'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Judge David Nuffer |

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Wakefield Kennedy, LLC ("Wakefield"), respectfully submits this Reply Memorandum in Support of its Motion for Leave to File an Amended Complaint.

Federal Rule of Civil Procedure 15(a) provides: "The court should freely give leave [to amend the pleadings] when justice so requires." This is such a case. Wakefield promptly and diligently pursued discovery and timely moved for leave to amend its Complaint less than 10 weeks after the Court issued its initial Scheduling Order in this case. The claims Wakefield

seeks leave to add are well-plead and would undoubtedly survive a motion to dismiss. Silverleaf Financial 9's ("SLF9") assertions of futility, undue delay, bad faith, and dilatory motive are easily dispatched. As outlined below, each of these objections is baseless:

1. **Wakefield has stated a claim for conversion and civil theft against defendant Mark Staples.**

Conversion is an act of willful interference with property, done without lawful justification, by which the person entitled thereto is deprived of its use and possession. This is precisely what paragraphs 22, 33, and 51-54 of the proposed Amended Complaint aver against Mr. Staples. Contrary to SLF9's unsupported contention, Mr. Staples' intent to convert Wakefield's property, or his knowledge of the unlawfulness of his interference, is <u>irrelevant</u>. *See, e.g., Allred v. Hinkley*, 8 Utah 2d 73, 328 P.2d 726, 728 (1958) (conversion does not require a conscious wrongdoing, but only an intent to exercise control over the goods inconsistent with the owner's rights). Wakefield's claims against Mr. Staples are not "futile," and the amendment should be allowed.

2. **Wakefield's allegations of civil conspiracy are well-plead.**

Wakefield avers that Mr. Staples acted in concert with defendants Shane Baldwin, SLF9 and Silverleaf Financial to effect the unlawful transfer of Wakefield's funds. SLF9 complains that the conspiracy allegations are not sufficiently detailed. However, SLF9 misconstrues the pleading standard. Under Rule 8(a)(2), factual pleading is required only insofar as it is necessary to place these defendants on notice of the type of claims alleged and the grounds upon which they rest. That is plainly the case here, and Wakefield's amendment to assert conspiracy claims should be allowed.

3. **Wakefield's claims against Silverleaf Financial, LLC and Shane Baldwin for conversion, civil theft, and interference with contract are not futile.**

The Amended Complaint avers that Mr. Staples was acting as president of Silverleaf Financial, LLC ("SLF") when he engaged in conversion and civil theft, and that SLF is the LLC manager for SLF9. The Amended Complaint asserts claims against SLF in both of these

capacities, and SLF9 has identified no legal basis to disallow these claims at the pleading stage. Further, Wakefield is suing Mr. Baldwin for his personal tortious conduct, as well as in his official capacity as the manager of Silverleaf Ventures, LLC, which was the LLC manager of SLF. Wakefield can plead multiple theories of liability, none of which are futile if there is any possibility that they will entitle Wakefield to relief.

4. **Defendants will not be prejudiced by the Amended Complaint.**

Wakefield wasted no time in conducting discovery and seeking to amend its pleading, and complied with all applicable deadlines under the Court's Scheduling Order. The same cannot be said for the defendants, who are now struggling to conduct fact discovery as the discovery period closes. Nonetheless, Wakefield does not oppose defendants' pending motions to modify the scheduling order and set a scheduling conference. But even without an adjustment to the Scheduling Order, defendants' claims of "prejudice" are completely unfounded.

For all of these reasons, the Court should grant Wakefield leave to file its Amended Complaint.

## II. DISCUSSION

**A. Wakefield Should Be Allowed To Assert Claims Against Mark Staples.**

SLF9 contends that Wakefield should be denied leave to assert claims for conversion and civil theft against defendant Mark Staples because they are supposedly "futile." (Opposition, pp. 4-7.) SLF9 misunderstands the legal standards governing these claims and the amendment should be allowed.[1]

---

[1] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir.1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). To withstand a motion to dismiss, the complaint, when taken as true and in the light most favorable to the plaintiff, must contain sufficient factual matter to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Consequently, when futility of amendment is argued, the issue is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *see also Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999) (it is simply not appropriate for the court to weigh the facts and evidence to resolve any disputes between the parties).

The Amended Complaint avers that SLF9 assigned all right, title, and interest in and to the Loan Sale Agreement ("LSA") to Wakefield, including the right to receive payments.[2] (Amended Complaint, ¶22, Ex. E.) Wakefield also avers that Mark Staples directed defendant Metro Settlement to wire the proceeds from the LSA to SLF9's bank account. (*Id.*, ¶¶ 33, 51-54.) Standing alone, these avements state a claim for conversion: "A conversion is an act of willful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession." *Fibro Trust, Inc. v. Brahman Fin., Inc.*, 1999 UT 13, ¶ 20, 974 P.2d 288. This is precisely what Wakefield avers against Mr. Staples in paragraphs 22, 33, and 51-54 of the proposed Amended Complaint.

SLF9 argues that the Amended Complaint is deficient because it contains no allegations that Mr. Staples knew of the unlawfulness of his actions or that he intended to convert Wakefield's funds. (Opposition, p. 5.) This argument also fails. In *Allred v. Hinkley*, 8 Utah 2d 73, 76, 328 P.2d 726 (1958), the Utah Supreme Court made clear that conversion requires "only an intent to exercise dominion or control over the goods inconsistent with the owner's right" -- "it does not [...] require a conscious wrongdoing[.]" *See also Lawrence v. Intermountain, Inc.*, 243 P.3d 508, 515 n. 7 (Utah App. 2010); *State v. McBride*, 940 P.2d 539, 543 (Utah App. 1997). Thus, while Mr. Staples' claim of innocence is dubious, at best, the issue is irrelevant.[3] Wakefield's claims for conversion and civil threat against Mr. Staples are well-plead and should be allowed.

---

[2] The Collateral Agreement is attached at Exhibit E to the Amended Complaint is incorporated by reference. Fed. R. Civ. P.10 ("Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.")

[3] Even if Mr. Staples' mental state had any bearing on his liability for conversion, which it does not, Wakefield's motion for leave to amend is not the forum for weighing factual defenses that may raised by Mr. Staples. *See Probert v. The Clorox Company*, 258 F.R.D. 491 (D. Utah 2009) (when determining on a motion to amend whether a claim would be subject to dismissal, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the movant); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.").

B.   **Wakefield's Civil Conspiracy Claims Are Well-Plead.**

SLF9 incorrectly argues that Wakefield's Amended Complaint does not adequately plead a conspiracy between defendants Shane Baldwin, Mark Staples, SLF, and SLF9. (Opposition, pp. 5-6.) Detailed factual averments are not required to plead conspiracy because, among other reasons, "conspiracy may be proven by circumstantial evidence." *Monument Builders v. American Cemetery Ass'n*, 891 F.2d 1473, 1481 (10th Cir.1989). This is consistent with the pleading standard imposed by Rule 8(a)(2), which only requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Even so, the Amended Complaint avers facts sufficient to establish each of the elements of a civil conspiracy claim, including "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof." *Israel Pagan Estate v. Cannon*, 746 P.2d 785, 790 (Utah Ct. App. 1987). In paragraph 52 of the Amended Complaint, as well as in paragraphs 26 and 30-34, Wakefield alleges that Mr. Staples, Mr. Baldwin, SLF, and SLF9 "conspired and combined and acted in concert to ... accomplish the conversion and civil theft of the money Wakefield Kennedy was entitled to receive." These allegations adequately notify these defendants that each is alleged to have conspired to convert Wakefield's funds, and the motion to amend should be granted.

C.   **Wakefield Should Be Allowed To Assert New Claims Against Shane Baldwin And Silverleaf Financial, LLC.**

Wakefield's Amended Complaint includes claims against Shane Baldwin and SLF for conversion, civil theft, and interference. SLF9 responds that such claims would be "futile" as to SLF because the entity, which is the manager for SLF9, cannot be liable absent a showing of "veil piercing." (Opposition, pp. 11-12.) As for Mr. Baldwin, SLF argues that the Amended Complaint is deficient because it does not state claims against Mr. Baldwin in his "personal capacity." (*Id.*, pp. 10-11.) Each of these confused arguments lacks merit.

First, Wakefield's Amended Complaint asserts claims against SLF for its involvement in the acts of conversion, civil theft, and interference, but SLF's liability is <u>not</u> limited its role as manager of SLF9. As alleged in the Amended Complaint, Mark Staples was the president of SLF in December 2010 and January 2011, during which time he is alleged to have engaged in conversion and civil theft. (Amended Complaint, ¶14, 51-54.) Under Utah law, a limited liability company acts through, and is bound by, the actions of its officers and directors, such as Mr. Staples. *See* U.T.A. § 48-2b-125(2)(b); *Taghipour v. Jerez*, 2001 UT App 139, 26 P.3d 885 (Utah Ct. App. 2001). Thus, Wakefield's claims against SLF should be allowed.

Second, Shane Baldwin <u>can</u> be held liable for his intentional misconduct, regardless of whether he was acting for his own benefit or as the manager of Silverleaf Ventures, LLC.[4] *See D'Elia v. Rice Development*, 147 P.3d 515, 522-23 (Utah App.2006) ("[I]n Utah, limited liability members and managers who participate in a company's tortious acts can be held personally liable for those acts."); *Basic Research, LLC v. BDirect, Inc.*, 2007 WL 2254691 *2 (D.C. Utah 2007) ("Under Utah law, it is well established that despite limited liability, an officer or director of a corporation can incur personal liability by participating in corporate torts.") At the pleading stage, it is more than sufficient that Mr. Baldwin be apprised of the nature of Wakefield's claims, which are that Mr. Baldwin personally engaged in conversion, civil theft, and interference. Pursuant to Rule 8(a)(2), Wakefield's Amended Complaint includes a proper factual statement for these claims and the Amended Complaint should be allowed.

D.  **Defendants Will Not Be Prejudiced By The Amended Complaint.**

SLF9 claims that Wakefield was "dilatory" in conducting discovery and moving to amend its pleading, which has allegedly resulted in prejudice to the defendants. That was not the

---

[4] Contrary to SLF9's claims, personal liability for an LLC member does not require the piercing of the corporate veil. *See, e.g., L.C.L. Theatres, Inc. v. Columbia Pictures Indus., Inc.*, 619 F.2d 455, 457 (5th Cir.1980) (stating that "[a]n officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortious acts when participating in the wrongdoing" and that "[i]n these circumstances, it is not necessary that the corporate veil be pierced or even discussed"); Edward Brodsky & M. Patricia Adamski, Law of Corporate Officers and Dirs.: Rights, Duties and Liabilities § 20.1 (1984) ("An officer, director[,] or shareholder is liable for torts personally committed, without regard to any concept of disregard of the corporate entity.").

case. The Scheduling Order in this case was not entered until January 11, 2012. Ct. Rec. 59. Thereafter, Wakefield conducted discovery in a timely and efficient manner (although the same cannot be said for defendants SLF9 or Mr. Baldwin):

- <u>January 27, 2012</u>: Wakefield propounds discovery to all defendants;
- <u>February 23, 2012</u>: Wakefield issues deposition notices for Sally Mather, Heston Nielson, Rodney Newman, Claudeen Sutherland, and Shane Baldwin;
- <u>March 5, 2012</u>: Wakefield receives discovery responses from defendants SLF9 and Mr. Baldwin;
- <u>March 9, 2012</u>: Wakefield's counsel informs counsel for defendants SLF9 and Mr. Baldwin that their document production was incomplete, including their failure to produce critical email communications that were received in discovery from defendant Metro Settlement;
- <u>March 20, 2012</u>: Wakefield takes the depositions of Claudeen Sutherland and Rodney Newman;
- <u>March 21, 2012</u>: Wakefield takes the depositions of Sally Mather, Heston Nielson, Madison VanTreese
- <u>March 20, 2012</u>: Wakefield takes the deposition of Shane Baldwin
- <u>March 28, 2012</u>: Wakefield files the instant motion for leave to file its Amended Complaint.

(Nelson Decl., ¶¶ 5, 6, 7, 9, 10.)

Thus, it is abundantly clear that Wakefield has been expeditious in conducting discovery. Moreover, on March 12, 2012, counsel for Wakefield sent a draft version of the Amended Complaint to SLF9's counsel for consideration – more than two months before the discovery cutoff deadline of May 18, 2012. (Nelson Decl., ¶ 8.) As of the date of this reply brief, the defendants named in the Amended Complaint (including SLF9, SLF, Shane Baldwin, and Mark Staples), all of whom appear to be represented by the same attorneys, have known of Wakefield's claims for over two months. (*Id.*, ¶ 8.)

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT** - 7
51214106.1

Moreover, on April 18, 2012, defendants moved to modify the scheduling order and for the setting of a scheduling conference. (Nelson Decl., ¶ 11.) Wakefield will not be opposing defendants' motions and will be joining in their request for a scheduling conference as soon as the instant motion for leave to amend has been decided. (*Id.*, ¶ 11.)

In sum, SLF9's objections of delay and prejudice are unfounded. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). If any of the defendants named in Wakefield's Amended Complaint will suffer prejudice (which could not possibly be the case if the case schedule is amended), it is solely as a consequence of their failure to conduct discovery and respond to Wakefield's claims in a timely manner. These are not grounds to deny Wakefield the opportunity to amend its Complaint.

### III. CONCLUSION

For the reasons set forth herein, Wakefield Kennedy respectfully submits that its Motion for Leave to File an Amended Complaint should be granted.

DATED this 24th day of April, 2012.

                    FOSTER PEPPER PLLC

                    */s/ John Ray Nelson*
                    John Ray Nelson, #5003
                    Foster Pepper PLLC

                    Attorneys for Plaintiff Wakefield Kennedy, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2012, I caused a true and correct copy of the foregoing to be served via CM/ECF to the following:

Wayne Z. Bennett wayne-bennett@rbmn.com
Rafael A. Seminario Rafael-seminario@rbmn.com

*Attorneys for D. Shane Baldwin and Silverleaf Financial 9 LLC*

John A. Bluth jbluth@aklawfirm.com
Thomas R. Karrenberg tkarrenberg@aklawfirm.com
Heather M. Sneddon hsneddon@aklawfirm.com

*Attorneys for Metro National Settlement Services, LLC, and Metro National Title Company*

Robert L. Rimberg rlr@grlawpllc.com
Steven A. Weg saw@grlawpllc.com
Samuel C. Straight sstraight@rqn.com
Justin T. Toth jtoth@rqn.com

*Attorneys for State Capital Holdings, LLC*

Pam McCain

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT - 9**
51214106.1