IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY LLC, a Washington limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>D. SHANE BALDWIN and JANE DOE BALDWIN, husband and wife, and METRO NATIONAL SETTLEMENT SERVICES, LLC,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING WAKEFIELD KENNEDY LLC'S MOTION TO AMEND COMPLAINT**<br><br>Case No.  2:11-cv-00604-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Wakefield Kennedy LLC ("Plaintiff") moved the Court for Leave to File an Amended Complaint to add additional claims and defendants.  (Docket No. 65.)  After careful consideration, the Court GRANTS the Motion.

After amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "'In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court does not find the presence of any undue delay or bad faith in amending the Complaint given the Plaintiff filed the Motion before the deadline, and the discovery would not

differ substantially from what had already occurred.  Regarding the Defendant's futility

argument, "[a] proposed amendment is futile if the complaint, as amended, would be subject to

dismissal."  *Lind v. Aetna Health, Inc.,* 466 F.3d 1195, 1199 (10th Cir. 2006) (internal quotations

omitted).  In considering dismissal, the Court looks for plausibility in the Complaint.  The

"complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The

Plaintiff need not allege plausible facts; rather the facts alleged must plausibly lead to the relief

requested.  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

As to the claims against Silverleaf Financial LLC, D. Shane Baldwin, and Mark Staples,

the Court finds the Amended Complaint sufficiently alleges facts that, if proved, may expose

Silverleaf Financial LLC, Mr. Baldwin, and Mr. Staples to liability.  Aside from liability

premised on an alter ego theory, "'[a]n officer or director of a corporation is not personally liable

for torts of the corporation or of its other officers and agents merely by virtue of holding

corporate office,'" but an officer or director can "'incur personal liability by participating in the

wrongful activity.'"  *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 19, 70 P.3d 35

(quoting 3A William Meade Fletcher, *Fletcher Cyclopedia of the Law of Private Corps.* § 1137,

at 209 (rev. ed. 2002)).  A member or manager of a limited liability company may have similar

liability for tortious acts.  *d'Elia v. Rice Dev., Inc.*, 2006 UT App 416, ¶ 43, 147 P.3d 515.  "[A]

corporate officer or director can incur personal liability for his own acts even though the action is

done in furtherance of the corporate business."  *Bennett v. Huish*, 2007 UT App 19, ¶ 48, 155

P.3d 917.  Wakefield Kennedy LLC alleges Mr. Staples served as President of Silverleaf Financial LLC and committed acts that a jury could conclude, if proven, constituted conspiracy to commit conversion and civil theft.  Similarly, Wakefield Kennedy LLC alleges Silverleaf Financial LLC served as manager of Silverleaf Financial 9, LLC.  Therefore, the amendment as to Mr. Staples and Silverleaf Financial LLC is not futile.

Wakefield Kennedy LLC alleges Mr. Baldwin is the sole member/manager of Silverleaf Ventures, LLC, and Silverleaf Ventures, LLC is the manager of Silverleaf Financial LLC.  While Wakefield Kennedy LLC has not alleged any wrongdoing by Silverleaf Ventures, LLC, the reasoning set forth in the above discussed cases would tend to suggest Mr. Baldwin may have individual liability for conspiracy to commit conversion, civil theft, and tortious interference.  Therefore, the amendment as to Mr. Baldwin is not futile.  While certainly Wakefield Kennedy LLC will need to prove additional facts not set forth in the Complaint, it has made sufficient allegations to make the amendment plausible and therefore permissible.

For the reasons stated above, the Court GRANTS the requested amendments.

SO ORDERED this 23rd day of October, 2012.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge