IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY, LLC, a Washington limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>D. SHANE BALDWIN AND JANE DOE BALDWIN, husband and wife, and METRO NATIONAL SETTLEMENT SERVICES LLC,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING STATE CAPITAL HOLDINGS, LLC'S MOTION TO AMEND** |
| STATE CAPITAL HOLDINGS, LLC, a New York limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>SILVERLEAF FINANCIAL 9, METRO NATIONAL TITLE COMPANY, METRO NATIONAL SETTLEMENT SERVICES, LLC, D. SHANE BALDWIN, MARK STAPLES, SILVERLEAF FINANCIAL LLC, and WAKEFIELD KENNEDY LLC,<br><br>        Defendants. | Case No.  2:11-cv-00604-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff State Capital Holdings, LLC ("Plaintiff") moved the Court to Amend the Complaint and Add Parties.  (Docket No. 67.)  After careful consideration, the Court GRANTS the Motion.

After amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "'In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.''" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court does not find the presence of any undue delay or bad faith in amending the Complaint given that Plaintiff filed the Motion before the deadline and the discovery would not differ substantially from what had already occurred. Regarding the Defendant's futility argument, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.,* 466 F.3d 1195, 1199 (10th Cir. 2006) (internal quotations omitted). In considering dismissal, the Court looks for plausibility in the Complaint. The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiff need not allege plausible facts, rather the facts alleged must plausibly lead to the relief requested. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

---

[1] While the Court recognizes evidence may exist to disprove the allegations, that does not provide sufficient basis to defeat the motion to amend.

As to the claims against Silverleaf Financial LLC, D. Shane Baldwin, and Mark Staples, the Court finds the complaint sufficiently alleges facts to indicate why the three may have individual liability. Aside from liability premised on an alter ego theory, "'[a]n officer or director of a corporation is not personally liable for torts of the corporation or of its other officers and agents merely by virtue of holding corporate office,'" but can "'incur personal liability by participating in the wrongful activity.'" *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 19, 70 P.3d 35 (quoting 3A William Meade Fletcher, *Fletcher Cyclopedia of the Law of Private Corps.* § 1137, at 209 (rev. ed. 2002)). A member or manager of a limited liability company may have similar liability for tortious acts. *d'Elia v. Rice Dev., Inc.*, 2006 UT App 416, ¶ 43, 147 P.3d 515. "[A] corporate officer or director can incur personal liability for his own acts even though the action is done in furtherance of the corporate business." *Bennett v. Huish*, 2007 UT App 19, ¶ 48, 155 P.3d 917. State Capital Holdings alleged Mr. Baldwin serves as CEO of Silverleaf Financial LLC, and Mr. Staples serves as President of Silverleaf Financial LLC. Similarly, State Capital Holdings alleges Silverleaf Financial LLC owns one hundred percent of Silverleaf Financial 9, LLC, making Silverleaf Financial LLC the sole member. In these positions and on the facts alleged in the Complaint a fact finder could hold them individually liable for the alleged torts of conversion, conspiracy to commit conversion and civil theft, fraud, conspiracy to commit fraud, and tortious interference. Therefore, the amendments as to Silverleaf Financial LLC, Mr. Baldwin, and Mr. Staples are not futile.

While certainly State Capital Holdings will need to prove additional facts not set forth in the Complaint, it has made sufficient allegations to make the amendment plausible and therefore permissible.

For the reasons stated above, the Court GRANTS the requested amendments.

SO ORDERED this 23rd day of October, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge

4