John Ray Nelson, USB No. 5003
Foster Pepper PLLC
422 W. Riverside Avenue, Suite 1310
Spokane, WA 99201
Telephone: (509) 777-1604

*Attorneys for Plaintiff Wakefield Kennedy LLC*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY LLC, a Washington limited liability company,<br><br>*Plaintiff*<br><br>vs.<br><br>D. SHANE BALDWIN, an individual; MARK STAPLES, an individual; SILVERLEAF FINANCIAL 9, LLC, a Utah limited liability company, SILVERLEAF FINANCIAL, LLC, a Utah limited liability company, METRO NATIONAL SETTLEMENT SERVICES, a Utah limited liability company, and STATE CAPITAL HOLDINGS, LLC, a New York limited liability company,<br><br>*Defendants.* | CIVIL NO. 11-cv-00604-DN-EJF<br><br>**WAKEFIELD KENNEDY'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE SILVERLEAF DEFENDANTS AND D. SHANE BALDWIN**<br><br>Judge David Nuffer<br>Magistrate Evelyn J. Furse |

## I.   RELIEF REQUESTED

Plaintiff Wakefield Kennedy, LLC moves for partial summary judgment on its claims against defendants Silverleaf Financial 9, LLC ("SLF9") and Shane Baldwin for breach of contract and breach of guaranty contract, respectively.

MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1
51252753.3

## II. INTRODUCTION

Baldwin uses various limited liability companies under the "Silverleaf Financial" umbrella to buy and sell the "paper" on distressed properties, including notes and mortgages. Wakefield made five separate loans to Baldwin and his various Silverleaf entities between July 2009 to February 2011. Each loan was guaranteed by Baldwin. These loans are summarized as follows:

| Date | Borrower | Amount |
| --- | --- | --- |
| July 17, 2009 | Loan to SLF23 | $1,600,000 |
| November 12, 2009 | First Loan to SLF9 | $1,150,000 |
| November 25, 2009 | Loan to SLF3 | $3,200,000 |
| June 14, 2010 | Second Loan to SLF9[1] | $1,150,000 |
| February 17, 2011 | Loan to Silverleaf Financial | $169,239.75 |
| **Total** | | **$7,269,240** |

In January 2010, Baldwin and Silverleaf's President, Mark Staples, exploited the negligence of Metro Settlement, the escrow agent for the Second SLF9 Loan, to steal $1,091,025 belonging to Wakefield.[2] By contract, that money should have been used to repay the bulk of the Second SLF9 Loan. As of November 9, 2012, SLF9 and Baldwin are indebted to Wakefield as follows:

| Principal Balance for Second SLF9 loan | $1,150,000.00 |
| --- | --- |
| Unpaid December 2010 interest | $14,178.08 |
| Silverleaf Financial 23 deferred balance | $25,757.46 |
| Default interest through November 9, 2012 | $427,863.12 |
| **Total Due as of November 9, 2012** | **$1,617,798.86**[3] |

None of the facts material to Wakefield's contract claims against SLF9 and Baldwin can be *genuinely* disputed, and the Court should enter summary judgment for Wakefield on those claims.

---

[1] This is the loan at issue in this action.
[2] Wakefield is separately moving for summary judgment against Metro Settlement on its claims for negligence, breach of fiduciary duty, and breach of Custody Agreement.
[3] Interest continues to accrue at $630.14 per day.

### III.     CONCISE STATEMENT OF MATERIAL FACTS

Pursuant to District Rule 56-1(b), Wakefield submits the following concise statement of material facts that cannot be genuinely disputed:

**A.     On July 17, 2009, Wakefield Loaned SLF23 $1,600,000.**

1.     On July 17, 2009, Wakefield loaned $1,600,000 to Silverleaf Financial 23 (the "SLF23 Loan").[4] The loan bore interest at 15% per annum.[5] Payments of interest only were due on the first day of the month beginning August 1, 2009.[6] The loan matured and was due on October 31, 2009.[7] Monthly payments made more than five days late carried a 5% late charge.[8] Default interest was set at 5% above the note rate (*i.e.*, 20%), compounded monthly.[9] SLF23 also agreed to pay an $80,000 loan fee at closing, out of SLF23's own funds.[10]

2.     The Promissory Note and Loan Agreement for the SLF23 Loan were amended on October 30, 2009.[11] The amendment extended the due date to January 31, 2010, in exchange for an Extension Fee of $80,000.[12]

**B.     On November 12, 2009, Wakefield Loaned SLF9 $1,150,000.**

3.     On November 12, 2009, Wakefield loaned $1,150,000 to SLF9 (the "First SLF9 Loan").[13] The loan bore interest at 15% per annum.[14] Payments of interest only in the amount of $14,375 were due and payable monthly commencing December 12, 2009.[15] The loan was due on May 12, 2010.[16] Default interest was set at 5% above the note rate (*i.e.*, 20%), compounded monthly.[17] Silverleaf Financial 9 agreed to pay a loan fee of $57,500, together with a

---

[4] Declaration of David Maag ["Maag Decl."], Ex. 1 [Promissory Note].
[5] Maag Decl., Ex. 1 § 1.
[6] Maag Decl., Ex. 1 § 2.
[7] Maag Decl., Ex. 1 § 3.
[8] Maag Decl., Ex. 1 § 5.
[9] Maag Decl., Ex. 1 § 8.
[10] Maag Decl., Ex. 2 § 4 [Loan Agreement].
[11] Maag Decl., Ex. 3 [First Amendment to Note and Loan Agreement].
[12] Maag Decl., Ex. 3 §§ 4(a), 6(a).
[13] Maag Decl., Ex. 4 [Promissory Note].
[14] Maag Decl., Ex. 4 § 1.
[15] Maag Decl., Ex. 4 § 2.
[16] Maag Decl., Ex. 4 § 3.
[17] Maag Decl., Ex. 4 § 8.

nonrefundable deposit in the amount of $5,000 to be applied toward legal fees and costs of underwriting the loan.[18] SLF9 also agreed to pay minimum interest in an amount equal to not less than $86,250 over the term of the loan ($14,375 per month times the six month term of the loan), in the event the loan was paid off early.[19]

C.  **On November 25, 2009, Wakefield Loaned SLF3 $3,200,000.**

4.  On November 25, 2009, Wakefield loaned $3,200,000 to Silverleaf Financial 3 (the "SLF3 Loan").[20] The loan bore interest at 15% per annum.[21] Payments of interest only in the amount of $40,000 per month were due and payable monthly commencing December 24, 2009.[22] The loan was due on May 24, 2010.[23] Default interest was set at 5% above the note rate (*i.e.*, 20%), compounded monthly.[24] SLF3 agreed to an interest holdback of $240,000 from the loan proceeds, to be applied against the monthly interest payments.[25] Further, SLF3 agreed to pay a loan fee in the amount of $160,000, to deposit $200,000 of the loan proceeds with Wakefield pursuant to an Improvement Agreement, and to deposit another $200,000 in improvement funds with Wakefield by January 24, 2010.[26]

D.  **On June 14, 2010, Wakefield made a Second Loan to SLF9, in the amount of $1,150,000.**

5.  On June 14, 2010, Wakefield made a second loan to SLF9 so that it could pay off the SLF23 Loan.[27] The new loan bore interest at 15% per annum.[28] Payments of interest only in the amount of $14,375 (or lesser prorated amount for less than a full calendar month) were due and payable monthly commencing July 1, 2010.[29] The loan was due on December 31, 2010.[30]

---

[18] Maag Decl., Ex. 5 § 4 [Loan Agreement].
[19] Maag Decl., Ex. 5 § 5.
[20] Maag Decl., Ex. 6 [Promissory Note].
[21] Maag Decl., Ex. 6 § 1.
[22] Maag Decl., Ex. 6 § 2.
[23] Maag Decl., Ex. 6 § 3.
[24] Maag Decl., Ex. 6 § 8.
[25] Maag Decl., Ex. 7 § 3.2 [Loan Agreement].
[26] Maag Decl., Ex. 7 §§ 4, 6.5, Maag Decl., Ex. 8 § 1(a) [Completion/Improvement and Security Agreement].
[27] Maag Decl., Ex. 9.
[28] Maag Decl., Ex. 9 § 1.
[29] Maag Decl., Ex. 9 § 2.

Default interest was set at 5% above the note rate (*i.e.*, 20%), compounded monthly.[31] SLF9 agreed to pay a loan fee of $57,500, guaranteed minimum interest of $93,811.64, and an exit fee of $25,735.46.[32]

E. **On February 17, 2011, Wakefield loaned Silverleaf Financial LLC $169,239.75.**

    6.    On February 17, 2011, Wakefield loaned Silverleaf Financial LLC $169,239.75.[33] The loan bore interest at 15% per annum.[34] Payments of interest only in the amount of $2,019.05 were due and payable monthly commencing February 17, 2011.[35] The loan was due on August 15, 2011.[36] The Loan was guaranteed by Shane Baldwin, and was made to pay off the balance of the SLF3 Loan.[37] Default interest was set at 5% above the note rate (*i.e.*, 20%), compounded monthly.[38]

F. **Baldwin Personally Guaranteed the Second Loan to SLF9, Unconditionally.**

    7.    On June 14, 2010, Baldwin executed an Unconditional Guaranty in favor of Wakefield for SLF9's obligations under the Second SFL9 Loan.[39]

E. **Payments Made By or For the Benefit of the Silverleaf Entities were Properly Applied Against the Loans in Accordance With the Loan Documents, Leaving the Second Loan to SLF9 Unpaid.**

    8.    On March 28, 2012, Silverleaf's counsel provided Wakefield a document purporting to show all payments that had been made by or on behalf of the various Silverleaf entities against the loan obligations set forth above.[40] Silverleaf's schedule is reproduced here in its entirety:

---

[30] Maag Decl., Ex. 9 § 3.
[31] Maag Decl., Ex. 9 § 8.
[32] Maag Decl., Ex. 10 §§ 4, 5 and 6 [Loan Agreement].
[33] Maag Decl., Ex. 11 [Promissory Note].
[34] Maag Decl., Ex. 11 § 1.
[35] Maag Decl., Ex. 11 § 2.
[36] Maag Decl., Ex. 11 § 3.
[37] Maag Decl., Ex. 11 § 7.
[38] Maag Decl., Ex. 11 § 8.
[39] Maag Decl., Ex. 12 [Unconditional Guaranty].
[40] Declaration of John Nelson, Ex. 1.

MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5
51252753.3

**Wakefield Kennedy**
**All Loans**

| | | | | |
|---|---|---|---|---|
| A. | 07/17/2009 | Loan Amount SLF23 | | 1,600,000.00 |
| B. | 11/12/2009 | Loan Amount SLF9 | | 1,086,750.00 |
| C. | 11/25/2009 | Loan Amount SLF3 | | 2,585.500.00 |
| **Total Funding** | | | | **5,272,250.00** |
| 1. | 08/18/2009 | Wakefield Kennedy LLC | 1 | (9,863.01) |
| 2. | 09/01/2009 | Wakefield Kennedy LLC | 2 | (20,000.00) |
| 3. | 09/21/2009 | Wakefield Kennedy LLC | 3 | (11,250.00) |
| 4. | 10/05/2009 | Wakefield Kennedy LLC | 4 | (20,000.00) |
| 5. | 11/02/2009 | Wakefield Kennedy LLC | 5 | (20,000.00) |
| 6. | 11/02/2009 | Wakefield Kennedy LLC | 6 | (80,000.00) |
| 7. | 11/05/2009 | Wakefield Kennedy LLC | 7 | (5,000.00) |
| 8. | 12/28/2009 | Wakefield Kennedy LLC | 8 | (261,027.96) |
| 9. | 01/04/2010 | Wakefield Kennedy LLC | 9 | (54,375.00) |
| 10. | 02/05/2010 | Wakefield Kennedy LLC | 10 | (14,375.00) |
| 11. | 02/05/2010 | Wakefield Kennedy LLC | 11 | (20,000.00) |
| 12. | 02/24/2010 | Wakefield Kennedy LLC | 12 | (14,375.00) |
| 13. | 03/12/2010 | Wakefield Kennedy LLC | 13 | (20,000.00) |
| 14. | 03/22/2010 | Wakefield Kennedy LLC | 14 | (1,193,125.00) |
| 15. | 05/24/2010 | Wakefield Kennedy LLC | 15 | (350,554.65) |
| 16. | 06/15/2010 | Wakefield Kennedy LLC | 16 | (150,000.00) |
| 17. | 06/16/2010 | Wakefield Kennedy LLC | 17 | (56,035.80) |
| 18. | 06/22/2010 | Wakefield Kennedy LLC | 18 | (381,742.54) |
| 19. | 07/21/2010 | Wakefield Kennedy LLC | 19 | (8,034.25) |
| 20. | 07/27/2010 | Wakefield Kennedy LLC | 20 | (14,375.00) |
| 21. | 07/30/2010 | Wakefield Kennedy LLC | 21 | (306,673.31) |
| 22. | 08/06/2010 | Wakefield Kennedy LLC | 22 | (720,888.83) |
| 23. | 10/07/2010 | Wakefield Kennedy LLC | 23 | (30,187.50) |
| 24. | 11/08/2010 | Wakefield Kennedy LLC | 24 | (14,375.00) |
| 25. | 12/21/2010 | Wakefield Kennedy LLC | 25 | (50,000.00) |
| 26. | 12/22/2010 | Wakefield Kennedy LLC | 26 | (15,093.75) |
| 27. | 02/17/2011 | Wakefield Kennedy LLC | 27 | (1,700,000.00) |
| 28. | 03/10/2011 | Wakefield Kennedy LLC | 28 | (2,019.95) |
| 29. | 04/05/2011 | Wakefield Kennedy LLC | 29 | (2,019.95) |
| 30. | 05/05/2011 | Wakefield Kennedy LLC | 30 | (2,019.95) |
| 31. | 06/09/2011 | Wakefield Kennedy LLC | 31 | (2,019.95) |
| 32. | 07/05/2011 | Wakefield Kennedy LLC | 32 | (2,019.95) |
| 33. | 08/04/2011 | Wakefield Kennedy LLC | 33 | (2,019.95) |
| **Total Payments** | | | | | (5,553,471.30) |
| | | | | | (281,221.30) |

9.     Silverleaf *admits* that it has only paid Wakefield a total of $5,553,471 against the obligations set forth in the Promissory Notes and Loan Agreements detailed above.

10.     In evaluating Silverleaf's contention that these payments provide a defense to Wakefield's claims on the Second SLF9 Loan, three glaring, *indisputable* facts are immediately obvious:

- **First, in calculating the "Total Funding" figure of $5,272, 250, Silverleaf only counts the amount of the cash disbursements it received, rather than the actual amount of the loans.** The actual, undisputed amounts of the first three loans, to SLF23, SLF9 and SLF3, were $1,600,000, $1,150,000, and $3,200,000, respectively, for a total of $5,950,000 (even ignoring the second loan to SLF9). Thus, *on its face*, Silverleaf's "schedule" shows a payment shortfall of $316,529 against the principal amounts of the loans.

- **Second, Silverleaf's schedule applies all payments against the principal amount of the debts, ignoring interest due, before and after default.** Silverleaf owed Wakefield at least 15% per annum interest on the loans (before default). The vast majority of the payments reflected in Silverleaf's schedule were properly applied to interest, which accrued at a rate of almost $75,000 between November 2009 and March 2010 alone ($5,950,000 total loan amount x 15% / 12 months). Thus, Silverleaf's schedule ignores more than $970,000 in interest owed and applied against the money it borrowed from Silverleaf.

- **Third, Silverleaf's schedule simply ignores all loan fees, exit fees, and expenses owed under the loan documents.** As set forth above, fees exceeded $450,000.

11.     The loan payments made by or on behalf of Silverleaf were applied to the amounts owed, in accordance with the loan documents.[41]

---

[41] Maag Decl., Ex. 14.

MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7
51252753.3

12. As of November 9, 2012, $25,757 in principal remained owing on the SLF23 Loan. By agreement, that amount was "rolled into" the Second SLF9 Loan, which paid off the SLF23 loan.[42] $1,150,000 remains owing on the second loan to SLF9, plus the unpaid December interest charge in the amount of $14,375, plus default interest from January 1, 2011 to date.

13. Silverleaf Financial LLC still owes Wakefield $169,240 from the balance of the loan to SLF3. These amounts account for every penny of the money Silverleaf contends its has paid to Wakefield.[43]

14. The total principal amount owed by SLF9 and Baldwin under the June 2010 loan documents is set forth in Ex. 14 to the Declaration of David Maag.

## IV. DISCUSSION

### A. Summary Judgment Should Be Entered Against Silverleaf Financial 9 and Baldwin For Breach of Contract.

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Alder v. Wal–Mart Sotres, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l, Inc. v. First Affiliated Sec.*, Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "The mere existence of a scintilla of evidence in support of [a party's] position will be insufficient [to overcome a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [respective party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999).

---

[42] Maag Decl., Ex. 13.
[43] Maag Decl., Ex. 13.

Wakefield asserts breach of contract claims against SLF9 and Baldwin. To succeed, Wakefield must establish the existence of valid and enforceable contracts, violations of the contracts by these defendants, and damage to Wakefield.[44] *Citoli v. City of Seattle*, 115 Wn.App. 459, 476, 61 P.3d 1165, 1174 (2002) (citing 17B C.J.S. Contracts § 640 p. 357 (1999)). That is precisely what Wakefield accomplishes here. There are no genuine issues of material fact precluding the Court from entering summary judgment on Wakefield's contract claims against SLF9 and Baldwin.

### B. Silverleaf Financial 9 Is Liable For Breach Of The Promissory Note and Loan Agreement For The Second SLF9 Loan.

The Second SLF9 Loan for $1,150,000 was made by Wakefield on June 14, 2010. The loan is documented by, among other documents, a fully-executed Promissory Note (signed by Baldwin), a Loan Agreement (signed by Baldwin), and an Unconditional Guaranty (signed by Baldwin).

For the Second SLF9 Loan, payments of interest only in the amount of $14,375 (or lesser prorated amount for less than a full calendar month) were due and payable monthly commencing July 1, 2010. The loan was due on December 31, 2010. SLF9 also agreed to pay a loan fee of $57,500, guaranteed minimum interest of $93,811.64, and an exit fee of $25,735.46. With the exception of several interest payments, none of these amounts were paid. Those defaults constitute material breaches of the Promissory Note and the Loan Agreement. SLF9's liability for breach of the Promissory Note and Loan Agreement is established.

Wakefield's damages are certain. SLF9 is indebted to Wakefield in the principal amount of $1,150,000.00, together with the unpaid December interst payment, the balance of the SLF23 Loan amount, and default interest at the rate of 20% per annum.[45] These amounts are as follows:

---

[44] The Second SLF9 Loan documents contain a governing law provision requiring that they be construed and enforced in accordance with Washington law.
[45] Wakefield is also entitled to costs of suit and attorneys' fees, to be determined by a subsequent motion. Wakefield is entitled to such relief regardless of whether it is claimed against SLF9 or Baldwin.

| | |
|---|---|
| Principal Balance for Second SLF9 loan | $1,150,000.00 |
| Unpaid December 2010 interest | $14,178.08 |
| Silverleaf Financial 23 deferred balance | $25,757.46 |
| Default interest through November 9, 2012 | $427,863.01 |
| Total Due as of November 9, 2012 | $1,617,798.55[1] |

Wakefield has carried its burden to establish Silverleaf Financial 9's liability for breach of the Promissory Note and the Loan Agreement for the Second SLF9 Loan, and summary judgment should be entered for Wakefield.

### C. Baldwin Is Liable For Breach Of His Unconditional Guaranty For The Second SLF9 Loan.

Baldwin signed an Unconditional Guaranty for the Second SLF9 Loan on June 14, 2010. That guaranty made Baldwin jointly and severally liable for SLF9's obligation to Wakefield. As demonstrated above, SLF9 defaulted on the Second SLF9 Loan and the current liability for that loan is **$1,617,798.55.** Wakefield made demand for payment upon SLF9, but the loan remains in default. On these facts, summary judgment should be entered for Wakefield on its claim for Baldwin's breach of the Unconditional Guaranty, with damages awarded against Baldwin and SLF9, jointly and severally.

### V. CONCLUSION

Baldwin and SLF9 borrowed $1,150,000 from Wakefield. They failed to pay it back. The facts establishing their liability are not disputable. Summary judgment should be entered for Wakefield on its breach of contract claims against Baldwin and SLF9.

DATED this 9th day of November, 2012.

FOSTER PEPPER PLLC

*/s/ John Ray Nelson*
John Ray Nelson, #5003
Foster Pepper PLLC
Attorneys for Plaintiff Wakefield Kennedy, LLC

---

[1] Maag Dec. Interest continues to accrue at $630.14 per day.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2012, I caused a true and correct copy of the foregoing to be served via CM/ECF to the following:

| | |
|---|---|
| Jeffrey J. Owens | jowens@Strongandhanni.com |
| Casey W. Jones | cjones@strongandhanni.com |

*Attorneys for D. Shane Baldwin, Silverleaf Financial 9 LLC, Marl Staples, and Silverleaf Financial LLC*

| | |
|---|---|
| John A. Bluth | jbluth@aklawfirm.com |
| Thomas R. Karrenberg | tkarrenberg@aklawfirm.com |
| Heather M. Sneddon | hsneddon@aklawfirm.com |

*Attorneys for Metro National Settlement Services, LLC, and Metro National Title Company*

| | |
|---|---|
| Robert L. Rimberg | rlr@grlawpllc.com |
| Steven A. Weg | saw@grlawpllc.com |
| Samuel C. Straight | sstraight@rqn.com |
| Justin T. Toth | jtoth@rqn.com |

*Attorneys for State Capital Holdings, LLC*

/s/ Pam McCain
Pam McCain