John Ray Nelson, USB No. 5003
Foster Pepper PLLC
422 W. Riverside Avenue, Suite 1310
Spokane, WA  99201
Telephone: (509) 777-1604

*Attorneys for Plaintiff Wakefield Kennedy LLC*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY LLC, a Washington limited liability company,<br><br>*Plaintiff*<br><br>vs.<br><br>D. SHANE BALDWIN, an individual; MARK STAPLES, an individual; SILVERLEAF FINANCIAL 9, LLC, a Utah limited liability company, SILVERLEAF FINANCIAL, LLC, a Utah limited liability company, METRO NATIONAL SETTLEMENT SERVICES, a Utah limited liability company, and STATE CAPITAL HOLDINGS, LLC, a New York limited liability company,<br><br>*Defendants.* | CIVIL NO.  11-cv-00604-DN-EJF<br><br>**DECLARATION OF DAVID MAAG IN SUPPORT OF WAKEFIELD KENNEDY'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST THE SILVERLEAF DEFENDANTS AND D. SHANE BALDWIN**<br><br>Judge David Nuffer<br>Magistrate Evelyn J. Furse |

DAVID MAAG hereby declares under penalty of perjury according to the laws of the United States:

1.  I am over the age of 18. I have personal knowledge of and am competent to testify to the facts stated in this declaration.

**DECLARATION OF DAVID MAAG - 1**
51257684.1

2.      I am the Chief Financial Officer of the Evans Company, which is affiliated with Wakefield Kennedy LLC. I have worked for the Evans Company for five years in the same capacity. I am also a Certified Public Accountant and I have worked in commercial real estate for more than 25 years. My involvement with the Silverleaf companies has included analyzing their loan requests, reviewing loan documents, recording the various transactions in our accounting system, calculating and collecting interest, and preparing reports.

**The $1,600,000 SLF23 Loan Documents**

3.      On July 17, 2009, Wakefield Kennedy loaned $1,600,000 to Silverleaf Financial 23 LLC ("SLF23"). This Loan is referred to below as the "SLF23 Loan." Attached as **Exhibit 1** is a true and correct copy of the Promissory Note for the SLF23 Loan, dated July 17, 2009. Attached as **Exhibit 2** is a true and correct copy of the Loan Agreement for the SLF23 Loan, dated July 17, 2009.

4.      On October 30, 2009, the Note and Loan Agreement for the SLF23 Loan were amended. Attached as **Exhibit 3** is a true and correct copy of the First Amendment to Note and Loan Agreement, dated October 30, 2009.

**The First $1,150,000 SLF9 Loan Documents**

5.      On November 12, 2009, Wakefield Kennedy loaned $1,150,000 to Silverleaf Financial 9, LLC ("SLF9"), referred to below as the "First SLF9 Loan." Attached as **Exhibit 4** is a true and correct copy of the Promissory Note for the First SLF9 Loan, dated November 12, 2009. Attached as **Exhibit 5** is a true and correct copy of the Loan Agreement for the SLF9 Loan, dated November 12, 2009.

**The $3,200,000 SLF3 Loan Documents**

6.      On November 25, 2009, Wakefield Kennedy loaned $3,200,000 to Silverleaf Financial 3, LLC ("SLF3"), referred to below as the SLF3 Loan. Attached as **Exhibit 6** is a true and correct copy of the Promissory Note for the SLF3 Loan, dated November 25, 2009. Attached as **Exhibit 7** is a true and correct copy of the Loan Agreement for the SLF3 Loan,

dated November 25, 2009. Attached as **Exhibit 8** is a true and correct copy of the Completion/Improvement and Security Agreement for the SLF3 Loan, dated November 2009.

**The Second SLF9 Loan Documents**

7. On June 14, 2010, Wakefield Kennedy made a second loan to SLF9 (the "Second SLF9 Loan") so that SLF9 could pay off the July 17, 2009 loan to SLF23. Attached as **Exhibit 9** is a true and correct copy of the Promissory Note for the Second SLF9 Loan, dated June 14, 2010. Attached as **Exhibit 10** is a true and correct copy of the Loan Agreement for the Second SLF9 Loan, dated June 14, 2010.

**The Silverleaf Financial LLC Loan Documents**

8. On February 17, 2011, Wakefield Kennedy loaned Silverleaf Financial, LLC, $169,239.75 (the "SLF Loan"), which was the balance that remained owing on the SLF3 Loan after it was largely paid off. Attached as **Exhibit 11** is a true and correct copy of the Promissory Note for the SLF Loan, dated February 17, 2011.

**Baldwin's Unconditional Guaranty of the Second SLF9 Loan**

9. On June 14, 2010, D. Shane Baldwin executed an Unconditional Guaranty in favor of Wakefield for SLF9's obligations under the Second SFL9 Loan. Attached as **Exhibit 12** is a true and correct copy of the Unconditional Guaranty for the Second SLF9 Loan, dated June 14, 2010.

10. Attached as **Exhibit 13** is a true and correct copy of the Joint Payoff and Closing Statement for the SLF23 Loan, which was being largely paid off, and the Second SLF9 Loan, which has not been paid and is at issue in this action.

**Reconciliation of Payments Made By or For Silverleaf Entities**

11. Attached as **Exhibit 14** is a reconciliation showing the total the loans made to, and application of the amounts paid by, each of the Silverleaf entities. The Reconciliation is broken out by date, Cash Disbursement, Cash Receipt, and application of the payment. The first page shows all of the loans. The amount shown in the bottom Principal column aggregates the principal amount owing on the three remaining Silverleaf debts – the balance of the SLF23 Loan

(which was rolled into the SLF9 Loan), the SLF9 Loan, and the Silverleaf Financial LLC Loan. The following pages break out the loan amounts and payment amounts by each of the SLF9 entities.

12. Comparing **Exhibit 14** to the "Schedule" of payments produced by Silverleaf's counsel, which is attached as Exhibit 1 to the Declaration of John Nelson, demonstrates that there is substantial agreement as to the amounts and dates of the payments received by Wakefield Kennedy from or on behalf of the various Silverleaf entities. **Exhibit 14** shows how those payments were applied, as follows:

**SLF23 Loan Payments:**

a. On July 17, 2009, Wakefield disbursed $1,600,000 to SLF23 pursuant to **Exhibits 1 and 2.** That same day Wakefield credited SLF23 with an $80,000 payment for the loan fee specified in **Ex. 2, § 4.**

b. On August 21, 2009, Wakefield credited SLF23 with an interest payment in the amount of $9,863. The payment represents interest on $1,600,000 at %15 for 15 days from the date of the loan in July, in accordance with **Ex. 1, § 2.** Although the interest payment was late, Wakefield did not charge late fees.

c. On September 2, October 15, and November 3, Wakefield received and credited SLF23 with monthly interest payments of $20,000 ($1,600,000 x 15% /12), in accordance with **Ex. 1, § 2.** Although the October payment was late, Wakefield did not charge late fees.

d. The SLF23 Loan was due to be paid in full on October 31, 2009. **Ex. 1, § 3.** SLF23 did not have the money, so we executed the First Amendment to Note and Loan Agreement attached as **Ex. 3.** The First amendment extended the due date to January 31, 2010. **Ex. 3, § 6(a).** An $80,000 Extension Fee was paid by and credited to SLF23 on November 3, 2009, in accordance with **Ex. 3, § 4(a).**

e. On November 5, 2009, SLF23 paid and was credited with a $5,000 Due Diligence Fee in connection with the Loan Extension, in accordance with **Ex.3, §4(b).**

**DECLARATION OF DAVID MAAG - 4**
51257684.1

f.  In accordance with **Ex. 1, § 1,** monthly interest payments were due on the $1,600,000 outstanding balance of the loan to SLF23 on the first of each month. The December and January payments, in the amount of $20,000 each ($1,600,000 x 15% /12) were paid by and credited to SLF23 on January 5, 2010. No late charges were assessed for the late December payment.

g.  The SLF23 Loan was not paid when due on January 31, 2010, at which point the default interest rate of 20% began to apply, in accordance with **Ex. 1, § 8.** Consequently, monthly interest accrued on the SLF23 Loan in the amount of $20,000 for January 2010, $26,666.66 for the months of February through May 2010, and $13,333.33 for half of June, totaling $140,000, ignoring late charges. Additional monthly interest payments in the amount of $20,000 were made by and credited to SLF23 on February 8 and March 15, 2010, leaving a negotiated balance of interest owed in the amount of $100,000 on June 15, 2010.

h.  In June 2010 Baldwin negotiated a loan from Wakefield to SLF9 to repay the SLF23 Loan. As of the closing date, SLF23 owed Wakefield $1,706,035.80 in principal, interest and legal fees. *See* **Ex. 13,** Joint Payoff and Closing Statement signed by Shane Baldwin. Payments received against that amount totaled $1,680,278.34, leaving a balance remaining of $25,757.46.

**SLF9 First Loan Payments**

i.  On November 11, 2009, Wakefield loaned SLF9 $1,150,000, in accordance with **Ex. 4.** $57,500 in loan fees and $750 in Legal Fees were deducted from the amount disbursed to SLF9, in accordance with **Ex. 5, § 4,** for a net disbursement of $1,091,750. *See* **Ex. 15,** Borrower's Closing Statement signed by S. Baldwin.

j.  SLF9 missed the first interest payment, which was due December 12, 2009. *See* **Ex. 4, § 2.** Subsequent interest payments in the amount of $14,375 were made by and credited to SLF9 on January 5, February 8, and March 1, 2010.

**DECLARATION OF DAVID MAAG - 5**
51257684.1

k.  On March 19, 2010, $1,193,125 was paid to Wakefield by Metro Settlement. $1,150,000 was applied to the principal balance of this loan, and $43,125 was applied to interest, in accordance with **Ex. 5, § 5.**

**SLF3 Loan Payments**

l.  On November 24, 2009, Wakefield loaned SLF3 $3,200,000. **Ex. 6.** Prepaid Interest in the amount of $240,000, Loan Fees in the amount of $160,000, and Improvement and Legal expenses in the amount of $214,500 were deducted from the loan amount in accordance with **Ex. 7, §§ 3.1, 3.2 and 4, and Ex. 8.**

m.  On December 29, 2009, SLF3 paid Wakefield $261,028 from the sale of one of the properties securing the loan. $200,000 was applied to the second half of the Improvement Expenses, as provided by **Ex. 8, § 1(a).** $61,028 was applied to reduce the principal amount of the Loan.

n.  On May 24, 2010, Wakefield received a payment in the amount of $350,555, from the sale of property securing the loan. That amount was applied to reduce principal.

o.  The SLF3 Loan matured on May 24, 2010, but was not paid.

p.  Payments were received from the sale of properties securing the SLF3 loan in the amount of $306,280 on August 5, 2010, and $722,078 on August 10, 2010. These amounts were applied to reduce principal, leaving a balance of $1,760,059. As a result, monthly interest was reduced to $29,334.

q.  SLF3 paid Wakefield $50,000 on December 21, 2010, which amount was applied to the interest due amount.

r.  No other payments were received on the SLF3 Loan until February 17, 2011. On that date, SLF3 paid $1,683,360 in cash, and was credited with the $400,000 Improvement Fee that had previously been deposited. The total amount was applied against the outstanding principal of $1,760,059, accrued interest of $252, 541, and the balance of the Exit Fee in the amount of $240,000, in accordance with **Ex. 6 and Ex. 7, §**

5. Those payments left a principal balance owed of $169,240, which balance was rolled into a new loan to Silverleaf Financial LLC, as reflected by **Ex. 11.**

**Second SLF9 Loan Payments**

s. On June 14, 2010, Wakefield made a second loan to SLF9, in the amount of $1,150,000. **Ex. 9.** As previously noted, the bulk of this loan was used to pay off the prior loan to SLF23, which was then in default. Interest accrued on the Second SLF9 Loan in the amount of 15% per annum, for monthly interest payments in the amount of $14,375 (except for the second half of June, which was prorated).

t. $57,500 of the Second SLF9 Loan amount was used to pay a loan fee, in accordance with **Ex. 10, § 4.** Other charges were deducted from the loan proceeds in accordance with the Joint Payoff and Closing Statement attached hereto as **Ex. 13.**

u. A payment in the amount of $8,034 was received from SLF9 and applied to its account as interest on July 22, 2010. Additional interest payments were received and applied on October 7 (for two months, including the 5% late fee), November 8, and December 22 (including the 5% late fee), in accordance with **Ex 9, § 5**.

v. No other payments have been received against the principal loan amount of $1,150,000. The Loan has been in default since December 31, 2010.

**Silverleaf Financial Loan Payments**

w. Payments of interest on the loan to Silverleaf Financial accrued in the amount of $2,019.05 per month. **Ex. 11, § 2.** Interest payments in that amount were received from Silverleaf and applied to the loan obligation by Wakefield for the months of March through August 2011.

DECLARATION OF DAVID MAAG - 7
51257684.1

### Summary of Reconciliation

13. As detailed above, the Reconciliation attached as Exhibit 14 to this Declaration accounts for every payment made by or for the benefit of any Silverleaf entity from July 2009 to date, as shown by Silverleaf or by Wakefield. No principal payment was ever made against the Second SLF9 Loan, the December 2010 interest payment was not made, and the balance of the SLF23 Loan was not paid as agreed. Interest accrues at the default rate of 20% per annum, as provided by **Ex. 9 § 8.** As of today's date, the amounts due on the Second SLF9 Loan are as follows:

| | |
|---|---|
| Principal Balance for Second SLF9 loan | $1,150,000.00 |
| Unpaid December 2010 interest | $14,178.08 |
| Silverleaf Financial 23 deferred balance | $25,757.46 |
| Default interest through November 9, 2012 | $427,863.01 |
| Total Due as of November 9, 2012 | $1,617,798.55[1] |

Further your Declarant sayeth naught.

DATED at Bellevue, Washington, this 8th day of November, 2012.

_____
DAVID MAAG

---

[1] Interest continues to accrue at $630.14 per day.

**DECLARATION OF DAVID MAAG - 8**
51256792.2

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2012, I caused a true and correct copy of the foregoing to be served via CM/ECF to the following:

| | |
|---|---|
| Jeffrey J. Owens | jowens@Strongandhanni.com |
| Casey W. Jones | cjones@strongandhanni.com |

*Attorneys for D. Shane Baldwin, Silverleaf Financial 9 LLC, Mark Staples, and Silverleaf Financial LLC*

| | |
|---|---|
| John A. Bluth | jbluth@aklawfirm.com |
| Thomas R. Karrenberg | tkarrenberg@aklawfirm.com |
| Heather M. Sneddon | hsneddon@aklawfirm.com |

*Attorneys for Metro National Settlement Services, LLC, and Metro National Title Company*

| | |
|---|---|
| Robert L. Rimberg | rlr@grlawpllc.com |
| Steven A. Weg | saw@grlawpllc.com |
| Samuel C. Straight | sstraight@rqn.com |
| Justin T. Toth | jtoth@rqn.com |

*Attorneys for State Capital Holdings, LLC*

/s/ Pam McCain
Pam McCain