IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>D. SHANE BALDWIN and JANE DOE BALDWIN, husband and wife, and METRO NATIONAL SETTLEMENT SERVICES, LLC,<br><br>Defendants. | Memorandum Decision and Order to Compel State Capital Holdings, LLC<br><br>Case No.  2:11-cv-00604-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Metro National Settlement Services, LLC (Metro Settlement) moved the Court[1] to compel State Capital Holdings, LLC (State Capital) to respond more fully to its discovery requests.  (Doc. # 98)  This Court has read the briefing and determined it can decide this matter without a hearing pursuant to DUCivR 7-1(f).  The Court grants this motion in part and denies this motion in part as set forth below.

**Interrogatories 4 and 5**

Metro Settlement's interrogatories 4 and 5 ask State Capital to identify all communications between itself and Metro National Title Company[2] (Metro Title) and itself and Metro Settlement.  State Capital objected to the requests as overly broad and unduly burdensome

---

[1] On December 8, 2011, District Judge Dee Benson referred this case to Magistrate Judge Brooke C. Wells under 28 U.S.C. section 636(b)(1)(A).  (Docket No. 54.)  On March 31, 2012, this case was reassigned from Judge Benson to newly appointed District Judge David Nuffer. (*See* Docket No. 70.)  On May 21, 2012, this referral was reassigned to Magistrate Judge Evelyn J. Furse.  (Docket No. 92.)

[2] Metro Title is a sister company of Metro Settlement.

but stated that it had produced any documentation related to such conversation.  While State Capital did not initially identify which documents in particular responded to the interrogatory as required by Rule 33, it did provide such a reference in its opposition and explained that it thought the document production sufficiently small (121 documents) so as not to require reference.

The interrogatories do not overly burden State Capital as to time because while they contain no express limitation, State Capital and Metro Settlement and Metro Title only had communications between December 2009 and June 2011.  Furthermore, the written communications would seem to prove that the entities had a reasonable volume of communications to permit response to this interrogatory.  For that reason, the Court orders State Capital to respond to Interrogatories 4 and 5 for the time period between December 2009 to June 2011.  If no one at State Capital can recall any other information about any other communications with Metro Settlement or Metro Title beyond those already produced, the interrogatory responses should so state.

### Interrogatories 6-9

Metro Settlement claims that State Capital did not completely respond to interrogatories 6 through 9 because it should have stated State Capital "did nothing."  (Reply at 7.)  State Capital's answers make clear it did nothing on its own but rather relied on the Silverleaf entities.  Based on its responses, Metro Settlement has the ability to object to any subsequent attempt to introduce evidence of additional actions.  Rule 33 does not permit the inquiring side to dictate the exact response.  Rather it requires a full response, which State Capital gave.  For these reasons, the Court denies the Motion to Compel as to interrogatories 6 through 9.

**Requests for Admission 8-11, 19-20, 24-27, 31, 35-37, 39-40**

Metro Settlement objects to State Capital's responses to these interrogatories because it provides indirect responses that do not directly respond to the request for admission. State Capital claims it denied the requests and then provided an explanation. Most of these requests go to the issue of State Capital's actions in communicating with Metro Settlement or Metro Title. The standard State Capital response was:

> Plaintiff objects to this Request as Plaintiff is unable to distinguish between Metro Settlement and Metro Title. Notwithstanding, Plaintiff denies the Request as Metro Settlement and/or Metro Title had been notified.

While requests for admission do not provide the proper vehicle to resolve disputed issues of fact, they do allow parties to narrow issues. *Lobo Well Service, LLC v. Marion Energy, Inc.*, No. 2:07-cv-273, 2009 WL 3233252, *1-2 (D. Utah Oct. 7, 2009). Parties may not move to compel an answer to a request for admission. *Cont'l Cas. Co. v. Brummel*, 112 F.R.D. 77, 81 (D. Colo. 1986). Rather, the Court will treat the Motion as one to determine the sufficiency of the answers. *Id.*

The briefing and discovery responses given suggest that State Capital did not have direct contact with Metro Settlement or Metro Title but rather relied on the Silverleaf entities to engage with the Metro entities.[3] The responses to the requests for admission do not provide a complete response to the request posed because, as State Capital argues, Metro Settlement phrased its answers in the passive voice. This Court orders State Capital to answer the request for admissions posed based on its own actions. State Capital may provide any explanation,

---

[3] In the discovery responses, State Capital objects because it cannot distinguish between Metro Settlement and Metro Title. While it may have difficulty distinguishing between the two, it knew when it was dealing with a Metro entity. To the extent, it does not know which one, it can so qualify its response.

including that it reasonably relied on the actions of others, in addition to that response, but its answers must meet the request for admission directly, first, becuase Metro Settlement specifically posed those requests to State Capital's actions. On this basis, the Court grants Metro Settlement's Motion to Compel.

### Requests for Admission 42-43

Metro Settlement objects to State Capital's responses to requests for admission 42 and 43 because they do not provide sufficient detail regarding the stated lack of knowledge by Metro Settlement. The Court disagrees. "[A]n answer to a request for admission is insufficient if it is not specific or the explanation for the refusal to admit or to deny lacks detail, not because a denial may be contrary to the evidence." *U.S. v. Operation Rescue Nat'l,* 111 F. Supp. 2d 948, 968 (S.D. Ohio 1999) (citing *Foretich v. Chung,* 151 F.R.D. 3, 4–5(D.D.C. 1993)).

The requests and responses stated as follows:

42. Admit that You had no communications with Metro Title [43. Metro Settlement] between January 1, 2010, and December 30, 2010.

RESPONSE: Plaintiff objects to this Request as Plaintiff is unable to distinguish between Metro Settlement and Metro Title. Notwithstanding, Plaintiff denies this request for admission to the extent Plaintiff's wires of monies under the LSA contained references that can be deemed communications. With respect to other communications, Plaintiff cannot truthfully admit or deny this request for admission as it does not recall the date of each communication with Metro Title and Metro Settlement. Plaintiff has made a reasonable inquiry into those people who may have knowledge and cannot conclude whether other communications were made.

Metro Settlement's revised responses to request for admission 42 and 43 provide sufficient response. State Capital may disagree with the accuracy of the response, but the response suffices to answer the request. Rule 36(a) does not authorize a court to make a factual determination about the accuracy of a denial or permit a court to establish facts where the

responding party has provided a complete response to the request for admission. *Operation Rescue,* 111 F. Supp. 2d at 968; *Lakehead Pipe Line Co. v. Am. Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997); *Foretich,* 151 F.R.D. at 4–5.

## Conclusion

The Court grants the Motion to Compel as to Interrogatories 4 and 5 and Requests for Admission 8-11, 19-20, 24-27, 31, 35-37, 39-40.  The Court denies the remainder of the Motion to Compel.[4]  The Court orders State Capital to provide revised responses within 14 days of this Order.

SO ORDERED this 16th day of November, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge

---

[4] Because the Court granted the Motion in part and denied in part, it will not award sanctions.