John Ray Nelson, USB No. 5003
Foster Pepper PLLC
422 W. Riverside Avenue, Suite 1310
Spokane, WA  99201
Telephone: (509) 777-1604

*Attorneys for Plaintiff Wakefield Kennedy LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY LLC, a Washington limited liability company,<br><br>*Plaintiff,*<br><br>vs.<br><br>D. SHANE BALDWIN, an individual; MARK STAPLES, an individual; SILVERLEAF FINANCIAL 9 , LLC, a Utah limited liability company; SILVERLEAF FINANCIAL, LLC, a Utah limited liability company; METRO NATIONAL SETTLEMENT SERVICES, LLC, a Utah limited liability company; and STATE CAPITAL HOLDINGS, LLC, a New York limited liability company,<br><br>*Defendants.* | CIVIL NO.  11-cv-00604-DN-EJF<br><br><br>**MEMORANDUM DECISION AND ORDER GRANTING WAKEFIELD KENNEDY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST SILVERLEAF FINANCIAL 9, LLC AND D. SHANE BALDWIN**<br><br><br>District Judge David Nuffer<br>Magistrate Judge Evelyn J. Furse |

Before the Court is plaintiff Wakefield Kennedy, LLC's ("Wakefield") motion for partial summary judgment.  (Doc. No. 143.)

Wakefield moved the Court for summary judgment on its claim for breach of contract against defendant Silverleaf Financial 9, LLC ("SLF9"), and on its claim for breach of guaranty against defendant D. Shane Baldwin.  *Id.*  Having considered the parties' briefing, the affidavits, documents and deposition testimony submitted in support of and opposition to the motion, and the entire record in this action,[1] the Court GRANTS Wakefield's motion.

---

[1] The Court has determined that oral argument of this motion is not necessary.

*DISCUSSION:*

Wakefield's Motion for Partial Summary Judgment was properly supported by the Declaration of David Maag and Exhibits thereto (Doc. No. 145), and the Declaration of John Ray Nelson and Exhibits thereto (Doc. No. 144). Defendants SLF9 and Baldwin made no objection to any of the evidence submitted by Wakefield. (Doc. No 168.)

In response to Wakefield's motion and evidentiary submissions, SLF9 and Baldwin relied upon an unverified piece of paper purporting to show the amounts of loans by Wakefield to various Silverleaf entities, payments made to Wakefield against those loan amounts, and upon the following testimony from the deposition of D. Shane Baldwin:

> [I]n our world, or at least in my world, we felt like we had fulfilled our obligation to Wakefield Kennedy under our note in the payments and paydowns that we had made to them since this custody agreement.[2]
>
> [O]n 2/1/2011, we paid them a million seven, which, per our books, would have delivered all of the principal back that they had ever lent us on any one of the three deals, along with interest.[3]

This evidence is insufficient to withstand summary judgment. Defendants had the burden to submit *admissible* evidence in opposition to Wakefield Kennedy's motion. *See* Advisory Committee Notes to Fed.R.Civ.P. 56(c)(2) ["[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated"]; *DiStiso v. Cook*, 691 F.3d 226, 230 (2nd Cir. 2012) (when a party relies on deposition testimony to establish facts, the statements "must be made on personal knowledge, *set out facts that would be admissible in evidence*, and show that the affiant or declarant is competent to testify on the matters stated"), *citing* Fed.R.Civ.P. 56(c)(4) and Fed.R.Evid. 602.

As Wakefield noted in reply, the piece of paper Defendants submitted was unauthenticated, and the contents set forth therein were unverified by any oath or affirmation by a witness testifying upon personal knowledge. While the amounts of payments reflected on the

---

[2] Baldwin Dep., Dkt. No. 168-2, p. 22:17-24.
[3] *Id.,* p. 38:8-11.

2

paper were substantially in accord with the evidence offered by Wakefield, the supposed loan amounts shown on the paper were directly contradicted by the unambiguous terms of the actual Notes signed by Baldwin and submitted by Wakefield. Thus, Defendants' paper did not create a genuine issue of fact for trial as to the amount of the loans.

Baldwin's deposition testimony was similarly inadequate to create an issue for trial. Mere conclusory assertions are not admissible in evidence, and are not sufficient to create a genuine issue of fact for trial. *See Tucker v. Missouri Dept. of Social Services*, 2012 WL 6115604, 5 (W.D.Mo. 2012) (court must disregard conclusory statements made without any explanation as to how either affiant learned information or how testimony might be admissible at trial); *Sterling Financial Services Co., Inc., v. Franklin*, 259 Fed.Appx. 367, 369-370, 2008 WL 60291, 2 (2nd Cir. 2008) (conclusory assertion that moving party improperly calculated amount due on loan, unsupported by original documentary collaboration, failed to create issue of fact for trial); *In re Sheedy*, 480 B.R. 204, 214 (Bkrtcy.D.Mass. 2012) (expert witness's "report" regarding amount allegedly owed contained only conclusory findings lacking evidentiary support and failed to create issue of fact precluding summary judgment); *Wells Fargo Northwest Bank, Nat'l. Ass'n. v. Varig-S.A.*, 2003 WL 21508341, 4 (S.D.N.Y. 2003) (defendant's conclusory statement that "The note has been paid in full" was insufficient to create issue of fact against plaintiffs' documentary evidence showing the existence of outstanding interest); *U.S. v. Bartlett*, 144 F.R.D. 118, 119 (D.Kan. 1992) (defendants' conclusory denial of the amount alleged to be owed, made without producing any documentation of payments or any portions of the records supporting their contention, was insufficient to withstand summary judgment). Consequently, Defendants failed to demonstrate the existence of a genuine dispute as to the facts established by Wakefield's evidence.

*UNDISPUTED FACTS:*

There is no genuine dispute as to the following material facts:

1. On June 14, 2010, Wakefield loaned Silverleaf Financial 9 ("SLF9") $1,150,000.[4] The loan bore interest at 15% per annum.[5] Payments of interest only in the amount of $14,375 (or lesser prorated amount for less than a full calendar month) were due and payable monthly commencing July 1, 2010.[6] The loan was due on December 31, 2010.[7] Default interest was set at 5% above the note rate (*i.e.*, 20%), compounded monthly.[8] SLF9 agreed to pay a loan fee of $57,500, guaranteed minimum interest of $93,811.64, and an exit fee of $25,735.46.[9]

2. On June 14, 2010, Baldwin executed an Unconditional Guaranty in favor of Wakefield for SLF9's obligations under the June 14, 2010 Loan.[10]

3. Wakefield properly accounted for all payments made to Wakefield by SLF9, including the amounts of all interest payments made against the June 14, 2010 Loan. No principal payments were made against the Loan.[11]

4. As of June 14, 2010, $25,757 in principal remained owing on a previous loan by Wakefield to SLF 23, a related company. By agreement of Baldwin on behalf of SLF9, that amount was "deferred" and was to be paid by SLF9 upon maturity of the June 14, 2010 loan to SLF9.[12]

5. The June 14, 2010 Loan to SLF9 was due to be paid on December 31, 2010.[13] The Loan was not paid when due, and has been in default since December 31, 2010.[14]

---

[4] *See* Ex. 9 to the Declaration of David Maag, Promissory Note (Doc. No 145-9).
[5] *Id.,* § 1.
[6] *Id.,* § 2.
[7] *Id.,* § 3.
[8] *Id.*, § 8.
[9] *See* Ex. 10 to the Declaration of David Maag, Loan Agreement, §§ 4, 5 and 6 (Doc. No. 145-10).
[10] *See* Ex. 12 to the Declaration of David Maag, Unconditional Guaranty (Doc. No 145-12).
[11] *See* Declaration of David Maag, ¶¶ 11, 12 (Doc. No 145), and Ex. 14 (Doc. No 145-14).
[12] *See* Ex. 13 to Declaration of David Maag, Borrower's Closing Statement (Doc. No. 145-13).
[13] *See* Ex. 9 to the Declaration of David Maag, Promissory Note, § 3 (Doc. No 145-9).
[14] *See* Declaration of David Maag, ¶ 11.v.

6. After application of all interest payments made against the June 14, 2010 Loan, $1,150,000 remains owing as principal. SLF9 also owes Wakefield $25,757.46 in the deferred balance from the loan to SLF23, plus an unpaid December interest charge on the June 14, 2010 Loan in the amount of $14,375. Default interest began to accrue at 20% per annum on January 1, 2011, and continues to accrue in the amount of $630.14 per day.[15]

*CONCLUSIONS OF LAW:*

Based upon the undisputed facts, the Court enters the following Conclusions of Law:

1. SLF9 is liable to Wakefield Kennedy for breach of the Promissory Note and Loan Agreement (Doc. Nos. 145-9 and 145-10) in the principal amount of $1,190,132.50. Interest accrues in the amount of $630.14 per day from January 1, 2011 until paid.

2. D. Shane Baldwin is liable to Wakefield Kennedy for breach of the Unconditional Guaranty Agreement (Doc. No. 145-12) in the principal amount of $1,190,132.50. Interest accrues in the amount of $630.14 per day from January 1, 2011 until paid.

3. Wakefield is entitled to an award of its reasonable costs and attorneys' fees incurred in this action, as they relate to the Claims for Breach of Contract and Breach of Guaranty against SLF9 and Baldwin.

THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that Wakefield's Motion for Partial Summary Judgment against the Silverleaf Financial 9, LLC, and D. Shane Baldwin is GRANTED. Wakefield is granted summary judgment on its claims for breach of contract against Silverleaf Financial 9, LLC, and for breach of guaranty against D. Shane Baldwin, in the principal amount of $1,190,132.50, plus interest in the amount of $630.14 per day from January 1, 2011 until paid, provided, however, that this amount shall be offset if, and to the extent that, Wakefield is able to collect, in whole or in part, on its claims against other parties. Wakefield

---

[15] *See* Declaration of David Maag, ¶ 13. (Doc. No 145).

shall submit and serve on all parties an appropriate form of proposed judgment and a petition for fees reasonably incurred in this action within 14 days of entry of this Order.

Dated March 6, 2013.

BY THE COURT:

David Nuffer
United States District Judge