IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY, <br><br> Plaintiff, <br><br> v. <br><br> D. SHANE BALDWIN, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING SECOND MOTION TO COMPEL** <br> ([ECF No. 121](#)) <br><br> Case No.  2:11-cv-604-DN-EJF <br><br> District Judge David Nuffer <br><br> Magistrate Judge Evelyn J. Furse |

Metro National Settlement Services, LLC ("Metro Settlement") filed this Second Motion to Compel and for Sanctions, and for Extension of Discovery Period.  ([ECF No. 121](#).)  Metro Settlement asks this Court to compel State Capital Holdings, LLC ("State Capital") to "provide proper responses" to certain discovery requests and for sanctions, among other things.  The Court has carefully considered the Motion and Memoranda submitted for and against Metro Settlement's Motion and GRANTS that Motion.[1]

**Interrogatory No. 13**

Metro Settlement's Interrogatory number thirteen asks State Capital to identify all payments it made in relation to the Loan Sale Agreement and subsequent amendments at the center of this case.  (*See* [ECF No. 122-3](#).)  In response, State Capital identified certain payments and produced documents it possessed.  (*Id.*)  State Capital also stated Altman Law Group LLC ("Altman")—formerly State Capital's counsel—may possess responsive documents but that

---

[1] The Court determined it could decide the Motion based on the briefing and does not need oral argument.  *See* DUCivR 7-1(f).

State Capital does not control any such documents. (*Id.*) Metro Settlement argues State Capital's response falls short on three grounds.

First, Metro Settlement argues State Capital produced no "financial documents that reference State Capital in any manner in the Second Set of Responses." (ECF No. 122-3 at 2.) In response, State Capital explains that its founder formed it for the sole purpose of purchasing the loan at issue. (Schwartz Decl. ¶ 3, ECF No. 159.) Because State Capital had not conducted any business prior to the loan purchase and lacked bank accounts, State Capital's managing member made payments through multiple sources including attorney escrow accounts. (*Id.* at ¶ 6.) State Capital argues it has produced the financial documents it possesses—wire confirmations. (Mem. Opp'n 5, ECF No. 157.) Federal Rule of Civil Procedure 26(e) requires State Capital to supplement their responses. Failure to do so prevents State Capital from subsequently using any information not produced in a timely manner. Fed. R. Civ. P. 37(c)(1). Thus, absent timely supplementation, State Capital's statements that it has produced all relevant documents binds it going forward.

Second, Metro Settlement argues State Capital improperly failed to produce or at least inquire about responsive documents Altman may possess. (Mem. Supp. 10–11, ECF No. 122.) State Capital argues Metro Settlement should have subpoenaed Altman. (Mem. Opp'n 5, ECF No. 157.) The Court agrees with Metro Settlement. State Capital admits Altman acted as its "transaction attorney." (Schwartz Decl. ¶ 7, ECF No. 159.) Because Altman practices in New York City, State Capital has presumptive control over documents Altman possesses pursuant to the ethical rules applicable to Altman. *See* N.Y.C. Bar Assoc. Comm. on Prof'l and Judicial Ethics, Formal Op. 2008-1, "A Lawyer's Ethical Obligations to Retain and to Provide a Client with Electronic Documents Relating to a Representation" 2008 WL 3911383, at *4–5, 7 (citing

*Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 91 N.Y.2d 30, 37 (1997)) ("In New York, a client has a presumptive right to the lawyer's entire file in connection with a representation, subject to narrow exceptions."); (Reply 4, ECF No. 167). State Capital must therefore investigate whether Altman possesses any responsive, non-privileged documents and produce any such documents within fourteen days of this Order's entry.

Finally, Metro Settlement argues State Capital's response to Interrogatory thirteen lacks sufficient verification under Federal Rule of Civil Procedure 33. (Mem. Supp. 11, ECF No. 122.) Federal Rule of Civil Procedure 33 states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). State Capital's managing member, Joseph Schwartz, signed the following verification: "I, Joseph Schwartz, the undersigned hereby state that I have read the foregoing Answers and Responses, am familiar with the contents of those responses that relate to me, and verify and affirm the truthfulness of the same." (Bluth Decl., Oct. 24, 2012, Ex. B, ECF No. 122-2.) This language improperly limits the verification to responses that "relate to" Mr. Schwartz and therefore does not comply with Rule 33's command that a party answer each interrogatory fully and under oath. *See* Fed. R. Civ. P. 33(b)(3). Within fourteen days of this Order's entry State Capital must provide full verification of all its responses, not only those which relate to Mr. Schwartz.[2]

### Requests for Production Nos. 6–8

Metro Settlement next asks this Court to order State Capital to respond properly to certain Requests for Production. Request for Production number six seeks documents that support State

---

[2] In its Reply Brief, Metro Settlement questions whether State Capital is a proper party in this case. (*See* Reply 6–7, ECF No. 167.) Although Metro Settlement raises an important question, the Court will not consider the argument because Metro Settlement did not raise it in its opening memorandum.

Capital's damages computation. (ECF No. 122-3 at 3.) Request for Production number eight seeks all documents State Capital identified in its interrogatory responses. (*Id.* at 4.) Metro Settlement argues State Capital has not produced all documents responsive to these two requests and supports this argument by noting State Capital produced no documents "that even reference State Capital." (Mem. Supp. 12, ECF No. 122.) But as noted above, State Capital has explained the absence of such documents: State Capital existed for the limited purpose of the Loan Sale Agreement and lacked its own bank accounts. Metro Settlement does not identify any documents it contends State Capital must produce. The Court thus denies Metro Settlement's request. The Court notes, however, that Federal Rule of Civil Procedure 26(e) requires State Capital to supplement its responses in a timely manner. If State Capital fails to supplement its responses, it may not later introduce documents it now says do not exist. *See* Fed. R. Civ. P. 37(c)(1).

Request for Production number seven asks for all of State Capital's financial records from State Capital's December 2009 formation to the present that refer or relate to the Loan Sale Agreement and subsequent amendments. (ECF No. 122-3 at 4.) State Capital objected to this Request as "unduly burdensome, harassing and oppressive" and explained that payments claimed by State Capital are not disputed and that other parties have produced documents evidencing the payments. (*See* ECF No. 122-3.) In its Opposition Memorandum State Capital expands on these objections, arguing that the request duplicates other requests—specifically, Interrogatory number thirteen—and that no additional responsive documents exist. (Mem. Opp'n 6, ECF No. 157.) If no other responsive documents exist, State Capital should have stated as much in its response. *Cf. Dealer Computer Servs., Inc. v. Griffith*, No. 11-2305-JWL, 2012 WL 3156814, at *1 (D. Kan. Aug. 3, 2012) (noting "[i]t is improper to assert boilerplate objections to discovery requests

when there are no documents responsive to the requests" and emphasizing signing attorney's obligations under Rule 26(g)). Accordingly, the Court strikes State Capital's objections to Request for Production number seven and ORDERS State Capital to respond in conformity with its assertions in its opposition within fourteen days of this Order's entry.

### Supplementation

Metro Settlement also argues State Capital must supplement its responses to Metro Settlement's first set of discovery requests. (Mem. Supp. 15, ECF No. 122.) As noted above, Federal Rule of Civil Procedure 26(e) requires State Capital to supplement its responses in a timely manner. Failure to do so will result in exclusion. Fed. R. Civ. P. 37(c)(1). This Court ORDERS State Capital to supplement its responses within fourteen days of this Order's entry or identify the lack of any additional information/documents.

### Sanctions

Federal Rule of Civil Procedure 37 requires the Court to award the moving party its "reasonable expenses incurred in making the motion, including attorney's fees" unless, among other options, "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). Because the Court finds State Capital's objections and responses lack substantial justification, the Court awards Metro Settlement its expenses incurred in bringing this Motion. Metro Settlement should submit documentation to support its expenses to the Court.

### CONCLUSION

For the reasons set forth above, the Court GRANTS Metro Settlement's Second Motion to Compel and for Sanctions, and for Extension of Discovery Period. (ECF No. 121.) The Court

expects the parties will file a stipulated Scheduling Order as discussed at the February 10, 2014 Telephone Conference with Judge Nuffer. (*See* ECF No. 270.)

Dated this 11th day of February, 2014.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge