# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>D. SHANE BALDWIN, an individual; MARK STAPLES, an individual; SILVERLEAF FINANCIAL 9, LLC, a Utah limited liability company; SILVERLEAF FINANCIAL, LLC, a Utah limited liability company; METRO NATIONAL SETTLEMENT SERVICES, LLC, a Utah limited liability company; and STATE CAPITAL HOLDINGS, LLC, a New York limited liability company,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING WAKEFIELD KENNEDY'S [291] MOTION**<br><br>Case No. 11-cv-00604-DN-EJF<br><br>Judge David Nuffer<br><br>Magistrate Evelyn J. Furse |
| STATE CAPITAL HOLDINGS, LLC, a New York limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>SILVERLEAF FINANCIAL 9, LLC, METRO NATIONAL SETTLEMENT SERVICES, LLC, D. SHANE BALDWIN, MARK STAPLES, SILVERLEAF FINANCIAL, LLC, and WAKEFIELD KENNEDY, LLC<br><br>    Defendants. | |

A Prior Order granted summary judgment[1] in favor of Wakefield Kennedy, LLC's (Wakefield) on Wakefield's 5th cause of action, for breach of contract against Metro National Settlement Services, LLC (Metro). Metro had possession of collateral documents to secure a loan from Wakefield to Silverleaf Financial 9, LLC (SLF9) under a Custody Agreement. Metro agreed not to release the documents until a loan from Wakefield to SLF9 was paid. But Metro released the documents to a third party and released funds it had on deposit to SLF9. The prior order determined Metro breached the Custody Agreement.

But the Prior Order did not determine the amount of the judgment to be entered because Wakefield did not move for summary judgment as to damages.[2] Wakefield was ordered to file a motion for determination of damages, so that judgment may be entered, and thereafter file a bill of costs and motion to determine attorneys' fees.

The motion was filed,[3] and there are only two pertinent facts. Both are actually beyond dispute. One fact was in the Prior Order. "On January 5, 2011, Madison VanTreese wired $1,091,125.00 from Metro Settlement's escrow account to SLF9."[4] The second fact recites the amount due to Wakefield on January 1, 2011. This statement is based on facts found in a previous order.[5]

---

[1] Memorandum Decision and Order Granting in Part and Denying in Part Wakefield Kennedy's [152] and Metro National's [187] Motions for Partial Summary Judgment (Prior Order), docket no. 275, filed March 7, 2014.

[2] Plaintiff Wakefield Kennedy's Motion and Memorandum in Support of Motion for Partial Summary Judgment Against Defendant Metro National Settlement Services, LLC, ("Wakefield's Motion for Summary Judgment"), docket no. 152, filed November 16, 2012.

[3] Wakefield Kennedy's Motion and Memorandum in Support of Motion for Summary Judgment on Its Fifth Cause of Action (Motion), docket no. 291, filed April 23, 2014.

[4] Deposition of Madison VanTreese 62:1–63:4, docket no. 154-3, filed November 16, 2012. Motion at 5, ¶ 13; Defendant's Opposition to Wakefield Kennedy's Motion and Memorandum in Support of Motion for Summary Judgment on Its Fifth Cause of Action (Opposition) at 8, docket no. 299, filed May 27, 2014. *See also* Prior Order at 7, ¶ 21.

[5] Memorandum Decision and Order Granting Wakefield Kennedy's Motion for Partial Summary Judgment Against Silverleaf Financial 9, LLC and D. Shane Baldwin (Order 188), docket no. 188, filed March 7, 2013.

As of January 1, 2011, the amount due and owing on the Wakefield – SLF 9 Loan was $1,190,132.50; $1,150,000 in principal, $25,757.46 in the deferred balance from a previous loan to SLF23 that was also secured by the Woodlawn Mall Note, and $14,375 in unpaid interest.[6]

Metro contests this fact, stating (1) the amount includes a balance on a prior loan (which was rolled into this loan) and (2) the Custody Agreement between Metro and Wakefield does not mention interest.

That the amount due from SLF9 to Wakefield includes the prior deferred balance from a loan to a related entity was the subject of a prior order.[7] Metro was a participating party at the time that order was entered. The obligation from SLF9 to Wakefield on this loan is adjudicated. It is beyond dispute.The second issue is not material. Metro's liability is based on its breach of the Custody Agreement.[8] Metro is liable for the amount Wakefield would have received on the SLF9 obligation had Metro fulfilled the Custody Agreement. Metro is not satisfying its direct financial obligation, but is paying damages for breach of the Custody Agreement. Those damages are properly measured by the amount due Wakefield on January 1, 2011, which would have satisfied the SLF9-Wakefield obligation. The amount which Metro let slip through its hands is only part of that obligation and not enough to satisfy Wakefield. Metro was to hold the documents in its custody until the entire SLF9 obligation to Wakefield was satisfied.

---

[6] Motion at 7, ¶ 23; Opposition at 9-12.

[7] Order 188 at 4-5, ¶ ¶4, 6.

[8] Prior Order at 9.

**ORDER**

IT IS HEREBY ORDERED that judgment shall be entered against Metro and in favor of Wakefield in the amount of $1,190,132.50, with an award of prejudgment interest on that amount at the federal rate from January 1, 2011 until paid.

Dated July 28, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge