John Ray Nelson, USB No. 5003
Foster Pepper PLLC
422 W. Riverside Avenue, Suite 1310
Spokane, WA  99201
Telephone: (509) 777-1604

*Attorneys for Plaintiff Wakefield Kennedy LLC*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAKEFIELD KENNEDY LLC, a Washington limited liability company,<br><br>    *Plaintiff,*<br><br>vs.<br><br>D. SHANE BALDWIN, an individual; MARK STAPLES, an individual; SILVERLEAF FINANCIAL 9 , LLC, a Utah limited liability company; SILVERLEAF FINANCIAL, LLC, a Utah limited liability company; METRO NATIONAL SETTLEMENT SERVICES, LLC, a Utah limited liability company; and STATE CAPITAL HOLDINGS, LLC, a New York limited liability company,<br><br>    *Defendants.* | **MEMORANDUM DECISION AND ORDER GRANTING WAKEFIELD KENNEDY'S MOTION TO CERTIFY JUDGMENT AS FINAL PURSUANT TO FED. R. CIV. P. 54(b)**<br><br>Case No.  11-cv-00604-DN-EJF<br><br><br>District Judge David Nuffer<br>Magistrate Judge Evelyn J. Furse |
| STATE CAPITAL HOLDINGS, LLC, A New York limited liability company,<br><br>    *Plaintiff,*<br><br>vs.<br><br>SILVERLEAF FINANCIAL 9, LLC; METRO NATIONAL SETTLEMENT SERVICES, LLC; D. SHANE BALDWIN; MARK STAPLES; SILVERLEAF FINANCIAL LLC, and<br><br>    *Defendants.* | |

Before the Court is plaintiff Wakefield Kennedy LLC's ("Wakefield") Motion to Certify Judgment as Final Pursuant to Fed. R. Civ. P. 54(b).[1] Wakefield moved the Court for an order certifying the Court's Judgment in a Civil Case[2] entered March 7, 2014 as final and appealable in accordance with Fed. R. Civ. P. 54(b).

Later, Wakefield filed a Motion for Order Directing Entry of Final Judgment.[3] Defendants filed no response or objection to the Motion. Consequently, the court granted Wakefield's motion on August 21, 2014.[4] That order certified that all orders granting Wakefield's motions for summary judgment (other than the motion that is the subject of docket no. 294) were final orders.

## OVERVIEW

On March 7, 2014, the Court entered a Memorandum Decision and Order Granting [193] State Capital Holdings LLC's Motion for Partial Summary Judgment and Denying [210] Wakefield Kennedy, LLC's Motion for Partial Summary Judgment.[5] Subsequently, the Court entered Judgment in a Civil Case[6] on March 7, 2014 in favor of State Capital Holdings as to:

a. the first count of State Capital's Second Amended Complaint for specific performance of the Loan Sale Agreement and the three amendments thereto;

b. the eighth count of State Capital's Second Amended Complaint for a declaratory judgment of priority against Wakefield;

c. the complaint in interpleader, in favor of State Capital; and

d. the eighth count of Wakefield's Amended Complaint which seeks a declaration of Wakefield's priority over State Capital.

---

[1] Docket no. 294, filed May 9, 2014.
[2] Docket no. 277, filed March 7, 2014.
[3] Docket no. 313, filed July 29, 2014.
[4] Docket no. 315, August 21, 2014.
[5] Docket no. 276, filed March 7, 2014.
[6] Docket no. 277, filed March 7, 2014.

The only claims remaining in the action are State Capital's claims against Metro Settlement and Wakefield, which State Capital has indicated it will pursue only in the event the Court's judgment is reversed. Consequently, Wakefield Kennedy has moved the Court for an Order certifying the Court's Judgment in a Civil Case[7] entered March 7, 2014 as final and appealable in accordance with Fed. R. Civ. P. 54(b).

## CONCLUSIONS OF LAW

Fed. R. Civ. P. 54(b) provides:

> When an action presents more than one claim for relief–-whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The Tenth Circuit has held that entry of a final judgment under Rule 54(b) requires the District Court to make two express determinations: First, the Court must determine that the order it is certifying is a final order. Second, the Court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.[8]

### I. The Judgment Granting State Capital Holdings, LLC's Partial Summary Judgment is Final.

A judgment is final if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."[9] In order to be final, an order must "wholly dispose[] of one or more but fewer than all of the multiple claims or parties in the action."[10] The claims must be

---

[7] Docket no. 277, filed March 7, 2014.
[8] Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236, 1242 (10th Cir. 2001).
[9] Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).
[10] Pate v. Marathon Steel Co., 692 P.2d 765, 768 (Utah 1984).

distinct and separable from the remaining claims in order for a judgment to be final.[11] Two factors determine separability: "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief."[12]

The Judgment entered March 7, 2014 is a Final Judgment on State Capital's claims, wholly disposing of more than one but less than all of the multiple claims.  The only claims remaining in the action are State Capital's claims against Metro Settlement and Wakefield, which State Capital has indicated it will pursue only in the event the Court's judgment is reversed, therefore, the Judgment satisfies the "finality" requirement for Rule 54(b) certification.

## II. No Just Cause Exists for Delay.

"No precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay."[13] Relevant factors for determining "just cause" include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[14] There is no just cause for delay in entering a Rule

---

[11] *See Oklahoma Tpk. Auth.*, 259 F.3d at 1243  ("[A] judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved.").

[12] ." *Oklahoma Tpk. Auth.*, 259 F.3d at 1242 (internal citation omitted); *see also Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (stating "courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible").

[13] *United Bank of Pueblo v. Hartford Acc. & Indem. Co.*, 529 F.2d 490, 492 (10th Cir. 1976) (finding no just reason to delay when the claims were separate and discrepancy in interest rate was creating a financial injustice for one of the parties).

[14] *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Curtiss–Wright Corp.*, 446 U.S. at 8.

54(b) certification that the Judgment in a Civil Case[15], entered on March 7, 2014, is final and appealable in accordance with Fed. R. Civ. P. 54(b).

### ORDER

For the reasons set forth above, the Court hereby certifies, in accordance with Fed. R. Civ. P. 54(b), that it has determined that (1) the judgment entered in favor of State Capital Holdings is final; and (2) there is no just reason for delay of the certification of the judgment as final and appealable.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Judgment in a Civil Case[16] entered March 7, 2014 is final and appealable in accordance with Fed. R. Civ. P. 54(b). The Clerk of the Court is directed to close the case.

Dated December 15, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[15] Docket no. 277, filed March 7, 2014.
[16] Docket no. 277, filed March 7, 2014.